IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DWAYNE LESTER,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO SHERIFF DEPARTMENT, DEPUTY NUE, JASON TILTON, STEPHEN TILTON, SAN FRANCISCO COUNTY JAIL MEDICAL DEPARTMENT, VILASKA NGUYEN, SUSAN SHALIT, DUNCAN CARLING, SAN FRANCISCO HALL OF JUSTICE, DEPUTY SHERIFF HERNANDEZ, SGT. ALVIN LING, LATEEF GRAY,<br><br>Defendants.<br>_____/ | No. C 13-1120 WHA<br><br>**ORDER DENYING MOTION TO DISMISS; STRIKING AMENDED COMPLAINT; GRANTING LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(Dkt. 9)** |

## INTRODUCTION

Plaintiff filed this pro se civil rights action against municipal entities of the City and County of San Francisco ("CCSF") and employees of the San Francisco County Sheriff's Department. The complaint reiterates claims brought by plaintiff in an earlier case that was dismissed for failure to prosecute because plaintiff repeatedly failed to appear for his deposition. *See Lester v. Nue*, *et al.*, No. 10-5365 WHA (PR). The complaint concerns events taking place at the San Francisco County Jail, where plaintiff was formerly incarcerated. Plaintiff is no longer in custody. Defendant CCSF has filed a motion to dismiss. Plaintiff filed an unsigned declaration in opposition to the motion but no opposition brief. CCSF filed a reply brief.

## ANALYSIS

Defendant CCSF argues that the complaint should be dismissed because plaintiff the summons and complaint have not been timely or properly served upon any defendant. In the

1  order dated May 1, 2013 (dkt. 3), plaintiff was granted leave to proceed in forma pauperis and
2  was informed that because he is not in custody he would be responsible for service of process.
3  Plaintiff correctly asserts that because he is proceeding in forma pauperis, the court must
4  appoint the Marshal to effect service, and the Marshal must serve the summons and the
5  complaint. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *see Walker v. Sumner*, 14 F.3d 1415,
6  1422 (9th Cir. 1994). Accordingly, plaintiff has shown good cause for his failure to properly
7  and timely serve defendants, and defendant's motion to dismiss on these grounds is denied. If
8  plaintiff timely and properly amends his complaint, as ordered below, the Marshal will be
9  directed to serve the defendants.

10  Defendant CCSF also argues that plaintiff has failed to state a cognizable claim for
11  relief. CCSF refers to claims made in the amended complaint (dkt. 5). The amended complaint
12  cannot be considered however, because it is not signed. *See* Fed. R. Civ. P. 11. In addition,
13  plaintiff did not obtain leave to file the amended complaint. Accordingly, the amended
14  complaint will be stricken and defendant's arguments that the case should be dismissed based
15  on claims maid therein are denied as moot.

16  As it appears that plaintiff wishes to amend his complaint, however, he will be given
17  leave to do so. The amended complaint he files must be signed. Plaintiff is cautioned,
18  however, not to file a signed version of the amended complaint he submitted earlier because it
19  is defective. In particular, it violates with the federal rules governing joinder of claims against
20  multiple parties. While Rule 18(a) allows a party to "join, as independent or alternative claims,
21  as many claims as it has against an opposing party," multiple parties may be joined as
22  defendants in one action only "if any right to relief is asserted against them jointly, severally, or
23  in the alternative with respect to or arising out of the same transaction, occurrence, or series of
24  transactions or occurrences; and any question of law or fact common to all defendants will arise
25  in the action." Fed. R. Civ. P. 20(a)(2). In other words, "multiple claims against a single party
26  are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against
27  Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's amended
28  complaint asserts multiple claims arising from independent transactions or occurrences against

different defendants. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Ibid.* Therefore, if plaintiff elects to file an amended complaint, it must comply with the federal rules governing joinder.

## CONCLUSION

For the reasons discussed above,

1. Defendant's motion to dismiss (dkt. 9) is **DENIED.** The amended complaint (dkt. 5) is **STRICKEN.**

2. Plaintiff is granted leave to file an amended complaint within **28 days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (No. C 13-1120 WHA (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must be comply with the Federal Rules of Civil Procedure, including the rules described above governing claims against multiple parties. The amended complaint completely replaces the original complaint, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), and may not incorporate material from the original complaint by reference. If plaintiff does not amend within the designated time and in accordance with this order, the case will proceed based only on the original complaint.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with all orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December __2__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3