UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN DWAYNE LESTER,

          Plaintiff,

    v.

SAN FRANCISCO SHERIFF
DEPARTMENT, *et al.*,

          Defendants.

Case No.  13-cv-01120-JD

**ORDER GRANTING MOTION TO AMEND**

Re: Dkt. Nos. 22, 24

Plaintiff, a former prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  Plaintiff filed an original complaint (Docket No. 1) and an amended complaint (Docket No. 4).[1]  The Court previously denied defendants' motion to dismiss, but struck the amended complaint and provided plaintiff an opportunity to amend.  Several months have passed but plaintiff has filed a second amended complaint (Docket No. 24) that the Court will review.

## DISCUSSION

### I.      STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se

---

[1] This action reiterates claims of excessive force brought by plaintiff in an earlier complaint that was dismissed without prejudice for failure to prosecute because plaintiff repeatedly failed to appear for his deposition.  *See Lester v. Nue, et al.*, No. 10-5365 WHA (PR).

United States District Court
Northern District of California

1   pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

2   Cir. 1990).

3       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4   claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed

5   factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

6   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

7   cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above

8   the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

9   omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its

10  face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face"

11  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they

12  must be supported by factual allegations.  When there are well-pleaded factual allegations, a court

13  should assume their veracity and then determine whether they plausibly give rise to an entitlement

14  to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

15      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

16  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

17  the alleged deprivation was committed by a person acting under the color of state law.  *West v.*

18  *Atkins*, 487 U.S. 42, 48 (1988).

19  **II.    LEGAL CLAIMS**

20      Plaintiff presents various unrelated claims that occurred while being detained in San

21  Francisco County Jail in different years and while out of jail.

22      While Rule 18(a) allows a party to "join, as independent or alternative claims, as many

23  claims as it has against an opposing party," multiple parties may be joined as defendants in one

24  action only "if any right to relief is asserted against them jointly, severally, or in the alternative

25  with respect to or arising out of the same transaction, occurrence, or series of transactions or

26  occurrences; and any question of law or fact common to all defendants will arise in the action."

27  Fed. R. Civ. P. 20(a)(2).  In other words, "multiple claims against a single party are fine, but

28

United States District Court
Northern District of California

2

1  Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

2  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

3      Plaintiff was previously informed that his first amended complaint was defective precisely

4  because it lumped together unrelated claims against different defendants.  Plaintiff's second

5  amended complaint contains the same deficiencies and asserts multiple claims arising from

6  independent transactions or occurrences against different defendants.  "A buckshot complaint that

7  would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B

8  defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different

9  transactions – should be rejected if filed by a prisoner."  *Id.*

10     Plaintiff's allegations regarding his inmate grievances are denied as there is no

11  constitutional right to a prison administrative appeal or grievance system.  *See Ramirez v. Galaza*,

12  334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  The action

13  will continue with the main claim of excessive force against Deputy Neu and Deputy Tilton

14  regarding the incident in June 2010.  All other claims and defendants are dismissed with prejudice

15  from this action.  If plaintiff wishes to pursue these claims he must file separate actions.

16                                    **CONCLUSION**

17      1.      The motions to amend (Docket Nos. 22, 24) are **GRANTED**.

18      2.      This action continues against Neu and Titlon as described above.  All other

19  defendants and claims are **DISMISSED** with prejudice.

20      3.      In order to expedite the resolution of this case, the court orders as follows:

21          a.      No later than sixty days from the date of service, defendant shall file a

22  motion for summary judgment or other dispositive motion.  The motion shall be supported by

23  adequate factual documentation and shall conform in all respects to Federal Rule of Civil

24  Procedure 56, and shall include as exhibits all records and incident reports stemming from the

25  events at issue.  If defendant is of the opinion that this case cannot be resolved by summary

26  judgment, he shall so inform the court prior to the date his summary judgment motion is due.  All

27  papers filed with the court shall be promptly served on the plaintiff.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

b.      At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.      Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d.      If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4.      All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to

4

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  June 24, 2014

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

13-cv-01120-JD-_ord

5

1

2

3

4

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

6